IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Moorish Holy Temple of Science of the World; Moorish Science Temple of America; Alotolwayatsalagi Kituwah Nation; Unity Washitaw De Dugdahmoundyah of the Naga Muur/Moor Empire; The Royal House of Tunica; Divine Minister/Chief; Jelani Diliza Abdullah Khalfani Bey; Kai-ree Shangora Khalfani Bey, <br><br>      Petitioners,<br><br> vs.<br><br>The State of South Carolina; the Greenwood Department of Juvenile Justice; Judge J. McGowan,<br><br>      Respondents.<br>_____ | C/A No. 0:08-3826-HFF-PJG <br><br>**REPORT AND RECOMMENDATION** |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner Jelani Diliza Abdullah Bey ("Ms. Bey"), proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] claiming to be the parent of a juvenile currently in the custody of the South Carolina Department of Juvenile Justice and also claiming to "represent" numerous religious and/or national corporate organizations or entities also named as petitioners in

---

[1]Since Ms. Bey captioned her initial pleading "Petition for Habeas Corpus" and seeks relief in the form of release of her son from state custody where he is being held pursuant to a Greenwood County Family Court final judgment, this case is being considered under 28 U.S.C. § 2254. See, e.g., Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)); Pitchess v. Davis, 421 U.S. 482, 486 (1975).

this case.² The person who filed this case and signed all the pleadings to date, Ms. Bey, is allegedly the mother of a seventeen-year-old male who is currently in the "indeterminate" custody of the South Carolina Department of Juvenile Justice pursuant to a final judgment entered on or around March 27, 2008 by the family court in Greenwood County in a juvenile delinquency action. (Answers to the Court's Special Interrogatories, #3, Docket Entry 8.) Ms. Bey claims to be a minister and/or leader in the various religious/national entities also named as petitioners in this case, including the "Moorish Holy Temple of Science/Moorish Science Temple" and/or the "Moab Tiari Cherokee Kituwah Nation." (Petition, Docket Entry 1.) (Answers to Court's Special Interrogatories, Attachments 2 & 3, Docket Entry 8.) She also formally acknowledges that she is not a licensed attorney. (Petition at 2, Docket Entry 1.) Furthermore, according to Ms. Bey's *pro se* responses to the court's interrogatories, the judgment of the family court regarding her son's placement in the state Department of Juvenile Justice's custody until he reaches the age of 21 was not appealed to any South Carolina state appellate court and there is no state court action

---

²Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. See also 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).



relative to the family court judgment currently pending in any South Carolina state court. (Answers to Court's Special Interrogatories, ##5, 7, Docket Entry 8.)³

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975). However, the requirement of liberal construction does not mean that the court

---

³Since there was no direct appeal of the family court judgment, it is more probable than not, given the relatively recent date on which Ms. Bey indicates that the judgment was rendered, that no petition for state post-conviction relief ("PCR") or state habeas action directed to the family court judgment has been filed, much less completed. (Answers to Court's Special Interrogatories, #5, Docket Entry 8); see S.C. Code Ann. § 63-3-640 (1976) (PCR cases addressing family court judgments are to be filed in the family court that issued the subject judgment); S.C. Code Ann. § 63-3-650 (providing for state habeas corpus relief in family court matters involving juveniles).



can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Initially, this case is subject to summary dismissal without service on any respondent because the person who filed the case claiming to represent all other named "Petitioners" is neither a licensed attorney, nor is she the individual in state custody. Generally a *pro se* litigant may not proceed in a federal court behalf of any other person or corporate entity. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Further, "a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). For example, it is clear that a *pro se* individual may not file or prosecute a civil action on behalf of corporations, partnerships, unincorporated associations, or estates such as all those listed as "Petitioners" in this case except for Ms. Bey and her son. See, e.g., First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1290 (Fed. Cir. 1999) (stating that *pro se* actions by non-attorneys on behalf of corporations "fail for lack of standing"); Pridgen v. Andresen, 113 F.3d 391, 392-93 (2d Cir. 1997) (stating that *pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child"). The court noted that such limits on *pro se* representation "serve the interests of the represented party as well as the interests of adversaries and the court." Pridgen, 113 F.3d at 393. The District Court for the Southern District of New York stated:



> It has uniformly been held by the Second Circuit and all of the other circuits that the provisions of 28 U.S.C. § 1654 . . . prohibit a non-attorney individual from representing a corporation in the federal courts. . . . Moreover, the Second Circuit has explained that the reasons for requiring a corporate litigant to have legal representation include
>
>> principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities[.]

Batac Dev. Corp. v. B & R Consultants, Inc., 2000 WL at 307400 at *1-*2 (quoting Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983)) (internal citations omitted); see also Codapro Corp. v. Wilson, 997 F. Supp. 322, 326-27 (E.D.N.Y. 1998) ("A corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*.").

The rule against *pro se* representation of others is also applicable to civil cases (other than those involving Social Security benefits) filed without an attorney by the parent of a child. See, e.g., Cheung v. Youth Orchestra Foundation, 906 F.2d 59, 61 (2nd Cir. 1990) (stating that a non-attorney parent representing himself or herself in a federal court civil rights action is prohibited from representing his or her minor children); Johns v. County of San Diego, 114 F. 3d 874, 876 (9th Cir. 1997) (same); Meeker v. Kercher, 782 F.2d 153 (10th Cir. 1986) (same); Deving v. Indian River County Sch. Bd., 121 F.3d 576, 582 (11th Cir. 1997) (same); see also Wenger v. Canastota Ctr. Sch. Dist., 146 F.3d 123, 124-25 (2d Cir. 1998) (relying on the common law rule against non-attorney parents representing their children *pro se* in civil suits); Gallo v. United States, 331 F. Supp. 2d 446 (E.D. Va. 2004)



(stating that a mother may not represent her daughter *pro se* but must retain lawyer). Furthermore, the only proper "petitioner" in a federal habeas corpus action is the person who is actually in the custody of a state or the federal government. As a result, Ms. Bey cannot prosecute this habeas corpus action on her own behalf because she is not the person "in custody" pursuant to the family court order. See Maleng v. Cook, 490 U.S. 488, 490 (1989) (an individual must be "in custody" in order to be eligible for federal habeas corpus relief); Meck v. Commanding Officer, Valley Forge Gen. Hosp., 452 F.2d 758 (3d Cir. 1971) (same); see also 28 U.S.C. § 2254; Pringle v. Ct. of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984).

Finally, even if there were proper legal representation of Ms. Bey's son in this case, the habeas corpus petition would still be subject to summary dismissal for lack of exhaustion of state remedies. With respect to Ms. Bey's son's indeterminate commitment to the custody of the South Carolina Department of Juvenile Justice, the son's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, either of which can be sought only after the petitioner has exhausted all available state court remedies. See 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 490-91 (1973); Picard v. Connor, 404 U.S. 270 (1971); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975). As noted above, it does not appear from the allegations contained in the petition or from Ms. Bey's Answers to the Court's Special Interrogatories that a direct appeal of the subject juvenile commitment final judgment to the South Carolina state appellate courts was sought as provided for under applicable state statutes and rules. See S.C. Code Ann. § 63-3-630; Rule 203(b)(3), SCACR (appeals from family court final judgments are to the state Court of Appeals);



(Answers to the Court's Special Interrogatories, #7, Docket Entry 8.) It also does not appear that an application for post-conviction relief or petition for state habeas corpus relief directed to the subject family court judgment was filed in the family court or any other state court as provided for under South Carolina law. See S.C. Code Ann. §§ 63-3-640, -650; see also discussion, *supra* note 3; see generally 21 S.C. Jur. Children and Families § 111 (2008). As a result, it is clear that the grounds for habeas relief ostensibly raised in the present petition have not yet been fully considered and addressed by the state courts of South Carolina.[4]

Since Ms. Bey's son has several state court remedies to test the validity of the family court's order which have not been fully utilized, this court should not keep this case on its docket while these state remedies are sought. See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); see also Pitchess v. Davis, 421 U.S. 482, 490 (1975).

**RECOMMENDATION**

Accordingly, the court recommends that the petition for a writ of habeas corpus in this case be dismissed without prejudice and without issuance and service of process upon

---

[4]If an application for post-conviction relief is denied or dismissed by a state family court, the unsuccessful application *must* seek appellate review by the Supreme Court of South Carolina of that disposition by the family court or else federal collateral review of the grounds raised in the application for post-conviction relief will be barred by a procedural default. See Whitley v. Bair, 802 F.2d 1487, 1500 n.27 (4th Cir. 1986); Mason v. Procunier, 748 F.2d 852, 853-54 (4th Cir. 1984); Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981).



the respondents. See Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (stating that a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (stating that federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

*Paige J. Gossett*
_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 11, 2009
Columbia, South Carolina

*Petitioners' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).